# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| KENNETH LEGE | CIVIL ACTION NO. 07-1694 |
| V. | JUDGE DOHERTY |
| WAL-MART LOUISIANA, LLC, BAYER CORP. | MAGISTRATE JUDGE METHVIN |

### *REPORT AND RECOMMENDATION ON MOTION TO DISMISS*
*(Rec. Doc. 43)*

This matter was referred to the undersigned Magistrate Judge for report and recommendation on defendant Bayer Corporation's Motion to Dismiss Non-LPLA Claims Pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion is unopposed, and for the following reasons the undersigned recommends that it be granted.

Plaintiff sued Bayer as the alleged manufacturer of Cutter Insect Repellant Cream. Bayer contends, and plaintiff does not dispute, that plaintiff's claims against Bayer are restricted to those available under the LPLA.[1] Specifically, Bayer seeks dismissal of "plaintiff's fraud, negligence, false misrepresentation, intent to deceive, and gross negligence claims, including but not limited to claims of 'gross negligence in the manufacture, distribution and sale of a dangerous and defective product' and negligent manufacture, marketing, distribution, advertising, promotion and selling of a product, for failure to state a cognizable cause of action under the Louisiana Products Liability Act ("LPLA"), La. Rev. Stat. § 9:2800.51, *et seq.*" [2]

---

[1] *See* Memorandum in Support of Defendant Bayer Corporation's Motion to Dismiss Non-LPLA Claims Pursuant to Federal Rule of Civil Procedure 129b)(6) (rec. doc. 43-2), p. 1.

[2] Defendant Bayer Corporation's Motion to Dismiss Non-LPLA Claims Pursuant to Federal Rule of Civil Procedure 12(b)(6) (rec. doc. 43), p. 1. According to Bayer, these claims are set forth in paragraphs 10, 12, and 29 of Plaintiff's Second Amended Complaint (rec. doc. 28).

Plaintiff did not oppose the motion, but instead filed a motion for leave to file a third amended complaint "so that he may remove claims against Defendant Bayer Corporation that fall outside the . . . LPLA."[3] Plaintiff effectively concedes the merits of Bayer's motion to dismiss.

The undersigned has reviewed the motion to dismiss, and finds that it has merit, and essentially there is no longer any dispute. Plaintiff's claims against Bayer, as alleged manufacturer, are limited to those provided by the LPLA. Therefore, **IT IS RECOMMENDED** that Bayer Corporation's motion to dismiss be **GRANTED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after receipt of a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on February 6, 2009.

Mildred E. Methvin
United States Magistrate Judge

---

[3] Rec. Doc. 51, p.1.