**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

**KENNETH LEGE**                          **CIVIL ACTION NO. 07-01694**

**VERSUS**                                **JUDGE DOHERTY**

**WAL-MART LOUISIANA LLC,**               **MAGISTRATE JUDGE METHVIN**
**BAYER CORP.**

*REPORT AND RECOMMENDATION ON CROSS MOTIONS*
*REGARDING SETTLEMENT AGREEMENT*
*(Rec. Doc. 69 and 70)*

Before the court are plaintiff's motion to reopen this matter for failure to finalize the

settlement agreement (Rec. Doc. 69), and defendants' motion to enforce the settlement

agreement (Rec. Doc. 70).   The motions are opposed.

*Background and Argument of Parties*

Plaintiff filed suit against several defendants in Louisiana state court, alleging he suffered

personal injuries by his use of Cutter Insect Repellent, which he alleged defendants either

manufactured or sold. Defendants removed the matter to this court, citing diversity subject matter

jurisdiction pursuant to 28 U.S.C. §1332.  On December 11, 2008, plaintiff stipulated to the

dismissal of all defendants except for Wal-Mart and Bayer.[1]

Bayer later filed a motion to dismiss all claims asserted against it that did not arise under

the Louisiana Products Liability Act, La. R.S. § 9:2800.51, *et seq.* (LPLA).  The motion was

unopposed, and all claims against Bayer that did not arise under the LPLA were dismissed on

March 3, 2009.[2]

---

[1]*Stipulation of Dismissal (*Rec. Doc. 33).

[2]*Judgment* (Rec. Doc. 61).

2

On April 16, 2009, a Notice of Settlement was filed in the record, wherein counsel for defendant Wal-Mart advised the court that all claims had been settled.  A sixty-day Order of Dismissal followed, wherein the court stated that "No later than sixty (60) days of the date hereof, the parties shall file one of the following: (a) a motion for entry of judgment on all claims; (b) a motion to reopen this matter and reinstate all claims for failure to finalized the settlement agreement; or (c) a motion to enforce the settlement agreement."[3]  Less than one month later, plaintiff filed the motion to reopen and reinstate the case, and defendants filed the motion to enforce the settlement.

In the motion to reopen the case and reinstate all claims, counsel for plaintiff states "Plaintiff Kenneth Lege will not agree to the terms of the settlement and has refused to sign any settlement documents."[4]  Plaintiff gives no reason for his refusal to sign the settlement documents in his motion.  However, in response to defendants' motion to enforce the settlement, plaintiff argues the parties did not enter into an enforceable settlement agreement, as they "did not agree in writing to a settlement and did not recite any settlement agreement in open court."[5]  Plaintiff outlines the following history:

> On April 13, 2009, Plaintiff demanded $14,000 plus court costs of $650 to settle his claim.  *See* Exhibit B.  Counsel for Plaintiff and Defendants discussed the demand via telephone and Defendants followed-up with a letter.  *See* Exhibit C; D.  Before Plaintiff received Defendants' April 15 letter, Plaintiff determined he did not want to settle for the amount previously demanded.  *See* Exhibit D. Therefore, Plaintiff did not sign or agree to Defendants' April 15 letter proposing

---

[3]*Order of Dismissal* (Rec. Doc. 65).

[4]*Plaintiff's Motion to Reopen this Matter and Reinstate All Claims for Failure to Finalize the Settlement Agreement* (Rec. Doc. 69), p. 1.

[5]*Plaintiff's Response to Defendants' Motion to Enforce Settlement Agreement* (Rec. Doc. 73), p. 1.

3

settlement.  *See* Exhibit C. Defendants now claim this unsigned April 15 letter is a settlement agreement.[6]

In support of his argument, plaintiff cites Louisiana Civil Code art. 3702, which requires that an a valid settlement agreement be reduced to writing or recited in open court.  Plaintiff argues that under Louisiana jurisprudence, any compromise must be reduced to writing and signed by both parties, and neither correspondence between attorneys, nor a letter by one party setting forth their understanding of the agreement, is sufficient to bind the parties.[7]  Plaintiff argues he never signed defendants' April 15, 2009, letter, and "[W]ithout plaintiff's signature on a written agreement, there is not, and cannot, be any settlement agreement."[8]

In support of their motion to enforce the settlement agreement, and in opposition to plaintiff's motion, defendants state "[D]espite an agreement in writing to specific terms to resolve this suit, plaintiff has apparently 'changed his mind' and is now refusing to finalize the settlement."[9]  Defendant argues the following exchanges evidence a valid and enforceable written settlement:

> . . .on April 13, 2009, plaintiff's counsel faxed a letter to defense counsel stating: "Plaintiff will settle this case of $14,000 plus court costs, which are $750."  (See Letter of April 13, 2009, attached as Exhibit C).  On April 15, 2009, counsel for Wal-Mart, with the express authority of Bayer, notified plaintiff's counsel by telephone and by letter that the offer of $14,000 plus court costs of $750 was accepted.  Specifically, the letter stated that "[t]his will confirm my message that

---

[6]*Memorandum in Support of Plaintiff's Response to Defendants' Motion to Enforce Settlement Agreement* (Rec. Doc. 73-2), pgs. 1-2.

[7]*Ibid*., pgs. 2-3, citing Scott v. Green, 621 So.2d 1, 2 (La.App.4 Cir. 1993); Felder v. Georgia Pac. Corp., 405 So.2d 521, 523 (La. 1981); Lizima v. Williams, 759 So.2d 865, 868 (La.App. 5 Cir. 2000); Lavan v. Nowell, 702 So.2d 315, 318 (La.App.3 Cir. 1997)(reversed on other grounds).

[8]*Ibid*., p. 4.

[9]*Defendants Bayer Corporation and Wal-Mart Louisiana, L.L.C.'s Motion to Enforce Settlement Agreement* (Rec. Doc. 70), p. 1.

4

the defendants accept your demand of $14,000 plus court costs of $650.00."  (See Letter of April 15, 2009, attached as Exhibit D).  Thus, as of April 15, 2009, there was a valid, enforceable, written settlement between plaintiff and defendants evidenced by the April 13 and 15, 2009 correspondence.[10]

Defendants argue the written correspondence between the parties is sufficient to bind plaintiff, and there is no requirement that the agreement be stated in one document signed by both parties.  Instead, defendants argue, all that is needed is an offer in writing and an acceptance in writing, and the writings can be in two instruments.  Defendants further argue that courts have frequently interpreted emails and correspondence as valid compromises.[11]

Defendants argue plaintiff's counsel admitted plaintiff had given him authority to make and accept the settlement offer, and later, after it had been accepted, plaintiff changed his mind.  Defendant points to an email from counsel for plaintiff, wherein plaintiff's counsel states "The factual basis [for the plaintiff's change of position] is that our client gave us authority and then in speaking with him again *after it settled*, he said that he does not want to settle."[12] (Emphasis added).

In reply to plaintiff's opposition to the motion to enforce the settlement agreement, defendants argue in addition to the written offer and acceptance, the court entered a 60 day

---

[10]*Memorandum in Support of Defendants Bayer Corporation and Wal-Mart Louisiana, L.L.C.'s Motion to Enforce Settlement* (Rec. Doc. 70-2), p. 2.

[11]*Ibid.*, p. 6, citing  Bank One, N.A.v. Payton, et al, 968 So.2d 202, 209 (La.App.4 Cir. 2007); Klebanoff v. Haberle, 978 So.2d 598 (La.App.2 Cir. 2008).

[12]*Ibid.*, Exhibit E (Rec. Doc. 70-3), p. 6.

5

dismissal order, which also satisfies the requirement that a settlement be in writing.[13]  Defendants

conclude their argument as follows:

> Plaintiff cannot give his counsel the authority to settle and then after the case
> settles on that authority, decide he no longer wants to settle.  (Exhibit E,
> Defendants' Motion).  Once the offer was made and accepted in writing, a valid
> settlement was reached and plaintiff's change of mind is of no moment.  Smith, et
> al v. Ford Motor Co., No. 98-2299 (E.D.La. August 23, 1999); 1999 U.S. Dist.
> LEXIS 13037.  Plaintiff and Defendants have a valid settlement agreement and it
> should be enforced by this Court.[14]

### *Applicable Law and Discussion*

It is well settled that a federal court may retain jurisdiction over a matter for purposes of

enforcing a settlement, if such intent is clear. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375,

114 S.Ct. 1673 (1994); Eastern Energy, Inc. v. Unico Oil & Gas, Inc., 861 F.2d 1379, 1380 (5th

Cir.1987). By the terms of the 60 day order of dismissal, this court retained jurisdiction of the

action for purposes of enforcing the parties' settlement agreement.  The parties filed their motions

well within the 60 day period of retained jurisdiction, and therefore this court has jurisdiction to

enforce the settlement.

The parties agree that both the construction and enforcement of any settlement agreement

is governed by Louisiana law in this diversity case.[15]  La. C.C. art. 3071 states that "A

compromise is a contract whereby the parties, through concessions made by one or more of them,

---

[13]*Reply Memorandum by Bayer Corporation and Wal-Mart Louisiana, L.L.C. to Plaintiff's Opposition to Motion to Enforce Settlement Agreement* (Rec. Doc.  76), p. 3, citing Mull v. Marathon Oil Co., 658 F.2d 386, 388 (5th Cir. 1981).

[14]*Reply Memorandum by Bayer Corporation and Wal-Mart Louisiana, L.L.C. to Plaintiff's Opposition to Motion to Enforce Settlement Agreement* (Rec. Doc.  76), p. 3.

[15]*Memorandum in Support of Defendants Bayer Corporation and Wal-Mart Louisiana, L.L.C.'s Motion to Enforce Settlement* (Rec. Doc. 70-2), p. 4; *Memorandum in Support of Plaintiff's Response to Defendants' Motion to Enforce Settlement Agreement* (Rec. Doc. 73-2), p. 2.

6

settle a dispute or an uncertainty concerning an obligation or other legal relationship."  Pursuant

to La. C.C. art. 3072, "A compromise shall be made in writing or recited in open court, in which

case the recitation shall be susceptible of being transcribed from the record of the proceedings."

The comments to article 3072 state that "[A] compromise, as any other contract, may be

contained in two instruments rather than one."  In <u>Bank One, N.A. v. Payton</u>, 968 So. 2d 202 (La.

App. 4th Cir. 2007), the court stated as follows:

> In <u>Felder v. Georgia Pacific Corp.</u>, 405 So.2d 521 (La.1981) the Louisiana
> Supreme Court made it abundantly clear that the requirement that such an
> agreement be in writing and signed by both parties "does not necessarily mean
> that the agreement must be contained in one document." <u>Id</u>. at 523. All that is
> needed is a written offer signed by the offeror and a written acceptance signed by
> the offeree, "even if the offer and acceptance are contained in separate writings. In
> other words, where two instruments, when read together, outline the obligations
> each party has to the other and evidence each party's acquiescence in the
> agreement, a written compromise agreement, as contemplated by La. C.C. art.
> 3071 has been perfected." <u>Id</u>. at 523-524.

In this matter, there was a written offer by plaintiff and a written acceptance by

defendants, through their respective counsel.[16]  "In order to be enforceable under Article 3071, a

compromise either must be reduced to writing and signed by the parties *or their agents*. . . ."

<u>Lavan v. Nowell</u>, 708 So.2d 1052 (La. 1998)(Emphasis added).

Plaintiff does not argue his counsel did not have authority to enter into the settlement

agreement with defendants, and plaintiff's counsel expressly stated plaintiff gave him authority

to make the offer to settle the case for $14,000 and court costs of $650.[17]  Furthermore, plaintiff

did not change his mind regarding the terms of the settlement until after his offer had been

---

[16]See Exhibits C and D to *Memorandum in Support of Defendants Bayer Corporation and Wal-Mart Louisiana, L.L.C.'s Motion to Enforce Settlement* (rec. doc. 70-2.).

[17]See Exhibit E to *Memorandum in Support of Defendants Bayer Corporation and Wal-Mart Louisiana, L.L.C.'s Motion to Enforce Settlement* (rec. doc. 70-2.).

7

accepted by defendants.[18]  Plaintiff has advanced no reason for refusing to execute the settlement documents other than he changed his mind, and has cited no authority for the proposition that changing one's mind renders an otherwise valid settlement agreement unenforceable.[19]

### *Conclusion and Recommendation*

The plaintiff and defendants entered into a valid and enforceable settlement agreement under Louisiana law, and there has been no argument advanced or evidence submitted that would support reopening the matter and reinstating plaintiff's claims.  Therefore,

**IT IS RECOMMENDED** that Plaintiff's Motion to Reopen This Matter and Reinstate All Claims for Failure to Finalize the Settlement Agreement (rec. doc. 69) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Defendants Bayer Corporation and Wal-Mart Louisiana, L.L.C.'s Motion to Enforce Settlement Agreement (rec. doc. 70) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that plaintiff be ordered to execute the required settlement documents with 5 days of a final ruling on this matter.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or responses to the district judge at the time of filing.

---

[18]See Exhibit E to *Memorandum in Support of Defendants Bayer Corporation and Wal-Mart Louisiana, L.L.C.'s Motion to Enforce Settlement* (rec. doc. 70-2.).

[19]Compromises have the force of law between the parties, but can be rescinded for  (1) error in the person, (2) error on the matter in dispute, and  (3) fraud or violence. Brown v. Drillers, Inc. 630 So.2d 741, 747 n. 9 (La.1994).

8

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.  1996).**

Signed at Lafayette, Louisiana, on November 3, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)